IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| DWIGHT OLE BROUSSARD, | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR SERVICE OF PROCESS |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:13-cv-54 RS |
| UNITED STATES ARMY MEDICAL COMMAND, | District Judge Robert Shelby |
| Defendant. | Magistrate Judge Brooke Wells |

Before the Court is Plaintiff, Dwight Broussard's, Motion for Service of Process.[1] This motion was referred to the undersigned pursuant to a referral from Judge Shelby.[2] As set forth below the Court DENIES the motion.

Plaintiff is bringing this suit alleging medical malpractice against the United States. Specifically Plaintiff asserts that the Utah Medical Command which is "responsible for all fit for duty physicals for all the solders in the state of Utah,"[3] failed to inform him of elevated liver enzymes in 1999 and 2004. Eventually Plaintiff's liver suffered damage that he alleges was preventable if he had been informed of the elevated levels.

Plaintiff filed this matter in 2013 and paid the filing fee.[4] Mr. Broussard also moved for the appointment of counsel multiple times.[5] Each time, however, Plaintiff's request was denied

---

[1] Docket no. 16.

[2] Docket no. 17.

[3] Complaint p. 2.

[4] Docket no. 1.

[5] Docket no. 2, docket no. 7, and docket no. 9.

because the "court rarely appoints attorneys in civil matters and it is Mr. Broussard's responsibility to find representation in this case."[6]

In addition Mr. Broussard has been ordered by the Court to serve his Complaint multiple times.[7] His failure to do so resulted in this case being dismissed,[8] although it was recently reopened once again for Mr. Broussard to pursue his claims.[9]

The undersigned has carefully reviewed the record in this case and finds there is no evidence in the record indicating Plaintiff cannot afford to serve the United States under Rule 4 of the Federal Rules of Civil Procedure. Further, the Court has performed a cursory review of Plaintiff's Complaint and finds there is nothing contained therein that warrants the Court ordering service.[10]

Accordingly, Plaintiff's Motion for Service of Process is DENIED. Plaintiff is further ORDERED to serve his Complaint within forty-five (45) days from the date of this decision.

DATED this 2 April 2014.

*signature*

Brooke C. Wells
United States Magistrate Judge

---

[6] Order dated November 4, 2013 p. 2, docket no. 15.

[7] Docket no. 11 and docket no. 15.

[8] Order dismissing case, docket no. 13.

[9] Order granting motion to reopen case, docket no. 15.

[10] The Court notes that this case appears to fall within the confines of the Federal Tort Claims Act. As such, it is likely subject to the misrepresentation exception. *See Trentadue v. United States*, 386 F.3d 1322, 1334 (10th Cir. 2004) ("Application of the misrepresentation exception . . . presents a threshold jurisdictional determination . . . .") *partially overruled on other grounds by Estate of Trentadue ex. rel. Aguilar v. United States*, 397 F.3d 840 (10th Cir. 2005) . The misrepresentation exception immunizes the United States from liability for "[a]ny claim arising out of ... misrepresentation [or] deceit" 28 U.S.C. § 2680(h) and extends to a wide range of communicative activity (including failures of communication). *See United States v. Neustadt*, 366 U.S. 696, 706-07 (1961); *JBP Acquisitions v. United States*, 224 F.3d 1260, 1265 (11th Cir. 2000); *Green v. United States*, 629 F.2d 581, 584 (9th Cir. 1980).