IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DWIGHT O. BROUSSARD,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES ARMY MEDICAL<br>COMMAND,<br><br>                    Defendant. | **ORDER**<br><br><br>Case No. 2:13-CV-00054<br><br>Judge Robert J. Shelby |

This case has been referred to Magistrate Judge Brooke Wells pursuant to 28 U.S.C. §

626(b)(1)(B).  Mr. Broussard filed a Motion for Default Judgment, arguing that the United States

Army Medical Command failed to respond to his Complaint.[1]  The United States opposed the

motion, arguing that Mr. Broussard failed to effect service under Federal Rule of Civil Procedure

4(i), which proscribes the rules for service of the United States and its agencies.[2]

Judge Wells issued a Report & Recommendation on October 16, 2014.[3]  Judge Wells

recommended the court deny the Motion for Default Judgment because Mr. Broussard failed to

serve the United States in a manner permitted by the Federal Rules.  Judge Wells recommended

that Mr. Broussard be given an additional sixty days to effect proper service.

Neither party submitted an objection to the Report & Recommendation within the allotted

time frame.[4]  In the absence of an objection, the court may apply a "clearly erroneous" standard.

---

[1] Dkt. No. 26.

[2] Dkt. No. 27.

[3] Dkt. No. 30.

[4] Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b).

Under this standard, the court "will affirm the Magistrate Judge's ruling unless it . . . is left with

the definite and firm conviction that a mistake has been committed."[5]

     After reviewing the briefing, record, and relevant legal authorities, the court concludes

Judge Wells did not err in analyzing Mr. Broussard's motion.  In this respect, the court ADOPTS

the Recommendation and DENIES the Motion for Default Judgment.[6]

     At the same time, however, the court is mindful of significant delays in this case.  Mr.

Broussard first filed a Motion for Service of Process on the Office of the Surgeon General of the

United States Army Medical Command in November 2013.[7]  After his motion was denied, Mr.

Broussard experienced difficulty in securing service of process and obtained several extensions.

Mr. Broussard then sought default judgment, at which time the United States appears to have

received notice of his lawsuit and a copy of the Complaint.[8]  Within the past week, the United

States moved to dismiss, arguing the court lacks subject matter jurisdiction.[9]

     Under such circumstances, an order instructing additional service of process would not

promote the "just, speedy, and inexpensive determination" of this dispute.[10]  Instead, the court

will construe the recent Motion to Dismiss as a waiver of service and will decline the invitation

to order Mr. Broussard to effect additional service.[11]  Instead, Mr. Broussard may file an

opposition, if any, to the United States' Motion to Dismiss within twenty-eight (28) days of the

date of this Order.

---

[5] *Thompson v. Astrue*, 2010 WL 1944779, at *1 (D. Utah May 11, 2010) (internal quotation marks and citations omitted).

[6] Dkt. Nos. 26, 30.

[7] Dkt. No. 16.

[8] *See* Dkt. No. 27 (discussing allegations in the Complaint).

[9] Dkt. No. 32.

[10] Fed. R. Civ. P. 1.

[11] *See* Fed. R. Civ. P. 12(h).

SO ORDERED this 29th day of December, 2014.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge