IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DWIGHT O. BROUSSARD,<br><br>    Plaintiff,<br>v.<br><br>UNITED STATES ARMY MEDICAL COMMAND,<br><br>    Defendant. | REPORT AND RECOMMENDATION<br><br>Case No. 2:13-cv-54 RJS<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Brooke Wells |

This matter was referred to the undersigned pursuant to 28 U.S.C. 636(b)(1)(B) by District Judge Robert J. Shelby on October 8, 2014.[1] Currently pending before the court is Defendant's Motion to Dismiss under Federal Rule 12(b)(1)[2] and Plaintiff's Motion to Continue.[3] According to Defendant, this court lacks subject matter jurisdiction and Plaintiff, Dwight Broussard, has failed to establish a waiver of sovereign immunity for his claims. Consequently, Defendant asks the court to dismiss this action with prejudice. In response Mr. Broussard has asked the court for "my day in Court"[4] and urges this court to implement some exception to the doctrine found in *Feres v. United States*.[5]

After careful consideration of these issues, Plaintiff's Complaint, his Motion to Continue and Defendant's Motion to Dismiss, the undersigned concludes that the court lacks subject

---

[1] Docket no. 28.

[2] Docket no. 32.

[3] Docket no. 34.

[4] Motion to Continue p. 1, docket no. 34.

[5] 340 U.S. 135, 146 (1950) (concluding that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injures arise out of or are in the course of activity incident to service").

matter jurisdiction. Accordingly, the undersigned RECOMMENDS that Defendants Motion to Dismiss be GRANTED and Plaintiff's Motion to Continue be DENIED.

## DISCUSSION

Pro se Plaintiff Dwight Broussard brings this action under 42 U.S.C. § 1983 and 42 U.S.C. §1985.[6] Mr. Broussard alleges his civil rights have been violated and seeks redress for alleged medical malpractice committed by Defendant. Mr. Broussard's claims also appear to fit within the Federal Tort Claims Act.[7] Because Mr. Broussard proceeds pro se the court liberally construes his fillings including the claims he alleges in his Complaint.[8]

Mr. Broussard alleges he has been a member of the Utah Army National Guard since 1982.[9] In order to maintain his employment as a member of the Guard, Mr. Broussard was required to have a physical every 5 years from the Guard's Medical Command. Mr. Broussard alleges that some of the tests from his retention physicals showed abnormal results pertaining to liver enzymes. The Guard failed to inform Plaintiff about these abnormal results. And, if they had done so Mr. Broussard could have sought treatment sooner for Hepatitis C, which would have avoided liver failure and a subsequent liver transplant.[10] On this basis Mr. Broussard brings his civil rights and medical malpractice claims.

The Government seeks to dismiss Mr. Broussard's claims arguing that he "cannot show that the United States has waived its sovereign immunity for either his civil rights or his tort claims."[11] In response, Mr. Broussard filed a Motion to Continue.[12] In his motion Mr.

---

[6] Complaint p. 1, docket no. 1.

[7] 28 U.S.C. §§§ 2671 – 2680.

[8] *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10ht Cir. 2010).

[9] Complaint p. 2, docket no. 1.

[10] *Id.* at p. 4.

[11] Mtn. p. 2, docket no. 32.

Broussard argues there have been exceptions to *Feres v. United States* and that he wants his day in court because the "United States Government has already determined that the U.S. army is responsible for my undiagnosed Liver failure that lead [sic] to my Liver Transplant."[13]  The court construes Mr. Broussard's motion as a response opposing Defendant's Motion to Dismiss.

The court finds Mr. Broussard's 42 U.S.C. § 1983 claims fail because "this section applies to actions by state and local entities, not to the federal government."[14]  There are no allegations by Mr. Broussard that the National Guard was acting under color of state law.  In similar fashion, section 1985 also does not authorize suit against the United States.[15]  Thus, Mr. Broussard's section 1983 and 1985 claims fail and this court lacks jurisdiction over those claims.

Next, the court finds Mr. Broussard's tort claims for medical malpractice fail under the principles found in *Feres v. United States*.[16]  In *Feres* the Supreme Court held that the United States was not liable under the Federal Tort Claims Act for injuries to servicemen arising out of or in the course of activity incident to military service.[17]  Since *Feres*, other courts, including the Tenth Circuit, have applied the *Feres* doctrine in barring actions of medical malpractice brought

---

[12] Docket no. 34.

[13] Mtn. p. 2, docket no. 34.

[14] *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997).  *See Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979) ("[Section] 1983 . . . does not apply to federal officer acting under color of federal law.").

[15] *See Moore v. Schlesinger*, 384 F.Supp. 163, 165 (D.Colo. 1974) (noting that "it has regularly been held that federal officers acting under color of federal law are immunity from suit" under 42 U.S.C. § 1985).

[16] 340 U.S. 135.

[17] *Id.* at 146 ("We conclude that the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service.").

by members of the National Guard.[18]  The key in these cases is whether a plaintiff's injuries occurred "incident to service."[19]

Here, Mr. Broussard's claims arise out of medical treatment he received as a member of the National Guard.  The retention physicals were required as part of his service in the Guard.  So, the court concludes these exams were incident to military service and fall within the *Feres* doctrine.  Thus this court lacks subject matter jurisdiction over the medical malpractice claims.

## RECOMMENDATION

As set forth above, the court lacks subject matter jurisdiction over Mr. Broussard's claims.  It is therefore RECOMMENDED that Defendant's Motion to Dismiss be GRANTED and Mr. Broussard's Motion to Continue be DENIED.

Copies of the foregoing report and recommendation shall be mailed to all parties who are hereby notified of their right to object.  Any objection must be filed within fourteen (14) days after being served with a copy.[20]  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 18 February 2015.

Brooke C. Wells
United States Magistrate Judge

---

[18] *See Quintana v. U.S.*, 997 F.2d 711, 712 (10th Cir. 1993) (concluding that the *Feres* doctrine bars a service members medical malpractice claims who was on reserve status with the National Guard); *Stauber v. Cline*, 837 F.2d 295 ((th Cir. 1988) ("It is beyond question that the *Feres* doctrine generally applies to claims brought by National Guard members.").

[19] *See  Hefley v. Textron, Inc.*, 713 F.2d 1487, 1492 (10th Cir.1983); *see also Duffy v. United States*, 966 F.2d 307, 312 (7th Cir.1992) (dispositive inquiry not whether service member was on active duty but whether he stood in sort of relationship to the service that events arose out of activity incident to service); *Norris v. Lehman*, 845 F.2d 283, 287 (11th Cir.1988) (same)

[20] *See* Fed. R. Civ. P. 72(b)(2).